IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANIEL LEE LOPEZ, | § § § | |
| Petitioner, | § | |
| v. | § § | CIVIL ACTION NO. C-12-160 |
| RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division | § § § § § § | |
| Respondent. | § | |

## ORDER

Daniel Lee Lopez, an inmate on Texas' death row, filed a federal petition for a writ of habeas corpus. (D.E. 1). Because the direct appeal from Lopez's conviction and sentence was still pending in the Texas Court of Criminal Appeals, this Court stayed and administratively closed this action. (D.E. 10). The Court of Criminal Appeals recently affirmed Lopez's appeal. *See Lopez v. State*, 2012 WL 5358863 (Tex. Crim. App. Oct. 31, 2012) (unpublished). The Court, therefore, directs the Clerk to **REOPEN** this action.

Lopez has filed a "Motion for Waiver of Federal Appeal(s)." (D.E. 14). A mentally competent inmate may waive collateral review of his conviction and sentence. *See Mata v. Johnson*, 210 F.3d 324, 327-28(2000). The "long-established legal standard concerning the competency of a death row inmate to abandon further appeals of his sentence" requires a court to inquire whether the inmate "has capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation or on the other hand whether he is suffering from a mental disease, disorder, or defect which may substantially affect his capacity in the premises."

*Wilcher v. Anderson*, 188 F. App'x 279, 281 (5th Cir. 2006) (quoting *Rees v. Peyton*, 384 U.S. 312, 314 (1966)); *see also Mata*, 210 F.3d at 328; *Rumbaugh v. Procunier*, 753 F.2d 395, 396 (5th Cir. 1985). To satisfy the due process rights of an inmate who expresses a desire to waive habeas review, a district court must make a probing inquiry that includes a mental-health evaluation, an opportunity to present evidence relating to competency, and in-court observations of whether the waiver is knowing and intelligent. *See Mata*, 210 F.3d at 330-31. The Court must determine whether Lopez is competent to waive federal habeas review.

In a previous telephonic hearing, Lopez indicated a desire to proceed without the appointment of legal counsel in his federal habeas action. While an inmate need not be competent for his federal habeas action to proceed, *see Ryan v. Gonzales*, ___ U.S. ___, ___ S. Ct. ___, 2013 WL 68690 (Jan. 8, 2013), federal law anticipates that an attorney will represent a death-row inmate "in such competency proceedings . . . as may be available[.]" 18 U.S.C. § 3599(e). Until the Court determines that Lopez is sufficiently competent to represent his own interests, legal counsel must be appointed to preserve his rights. The Court, therefore, will appoint am attorney for Lopez by separate order.

To begin the process of determining Lopez's competency to waive federal habeas review, the parties will submit within 60 days of the appointment of counsel the suggestion of an expert to evaluate Lopez's competency. Respondent will file a copy of the state court records in this case within 30 days from the entry of this Order.

The Clerk will deliver a copy of this Order to the parties.

**ORDERED** this 9th day of January, 2013.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE